**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 17**

Docket No. SF-0831-14-0582-I-1

**Clyde W. Beal,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

February 23, 2015

Clyde W. Beal, Barstow, California, pro se.

Cynthia Reinhold, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      This case is before the Board on the Office of Personnel Management's (OPM's) petition for review of the initial decision, which reversed OPM's final decision finding that the appellant's retirement annuity was properly computed without crediting his post-1956 military service. For the reasons set forth below, we DENY OPM's petition and AFFIRM the initial decision.

BACKGROUND

¶2      After serving in the United States Air Force from November 1, 1973, to December 5, 1981, Initial Appeal File (IAF), Tab 4 at 31, the appellant received a

temporary appointment to a Laborer position with the Department of the Navy. He was appointed to a permanent position as a Custodial Worker in 1982. *Id.* at 28. He received benefits from the Office of Workers' Compensation Programs for a period of time and ultimately retired on disability in 2003 under the Civil Service Retirement System (CSRS). *Id.* at 46, 50. In his retirement application, the appellant set out his prior military service and acknowledged that he had not paid a deposit to cover that service. *Id.* at 50. On March 23, 2011, OPM advised the appellant that, "[a]s a post 10/01/82 federal employee," he was required to make a post-1956 military service deposit before separating from federal service, and that, because he had failed to do so, his military service could not be included in the computation of his annuity. *Id.* at 39; *see* 5 U.S.C. §§ 8332(c)(1)(B), (j), 8334(j). OPM upheld its decision on reconsideration but, on appeal, OPM rescinded the decision, indicating that it would give the appellant an opportunity to make the deposit, and, on that basis, the administrative judge granted OPM's motion to dismiss the appeal. *Beal v. Office of Personnel Management*, MSPB Docket No. SF-0831-11-0769-I-1, Initial Decision (Aug. 17, 2011). By letter of September 29, 2011, OPM afforded the appellant 30 days in which to pay the deposit which, with interest, was calculated at $13,690.49, and reiterated that, if he did not do so, his annuity would be reduced when he reached age 62. IAF, Tab 4 at 40. The appellant did not pay the deposit.

¶3        On his petition for review of the initial decision, the Board affirmed the decision but, to the extent that the appellant argued that he should not have had to pay the deposit at all, the Board directed him to obtain a new reconsideration decision from OPM on that issue. *Beal v. Office of Personnel Management*, MSPB Docket No. SF-0831-11-0769-I-1, Final Order at 2-4 (Aug. 9, 2013). In that April 25, 2014 reconsideration decision, OPM found that, although the appellant signed health benefits and life insurance forms on September 30, 1982, those documents did not demonstrate that he was an employee under the CSRS before October 1, 1982, because his employing agency did not certify his

enrollment until October 3, 1982, the date he reported to duty, and that therefore the appellant's failure to have paid the deposit precluded his years of military service from being included in the calculation of his annuity. IAF, Tab 4 at 5-7.

¶4　　　On appeal, the appellant argued that he was hired when he signed those documents on September 30, 1982, he actually began work that day, and therefore he was not required to make a deposit in order to have his military service included in the computation of his annuity. *Id.*, Tabs 1, 8; *see* 5 U.S.C. § 8332(c)(1)(A). For its part, OPM repeated its position that the employing agency's Human Resources Office did not complete its processing of the appellant's paperwork until October 3, 1982. IAF, Tab 4.

¶5　　　After conducting the requested hearing, the administrative judge issued an initial decision in which she reversed OPM's decision. *Id.*, Tab 13, Initial Decision (ID) at 1, 10. She considered the evidence the appellant submitted in support of his claim that he started work on September 30, 1982, and the agency's evidence which appeared to show that he started work on October 3, 1982. ID at 6-7. The administrative judge credited the appellant's testimony as to when he began working in his CSRS-covered position, ID at 7-8, concluding that, on September 30, 1982, the employing agency executed the appointment affidavit the appellant signed that date, he indicated his acceptance of the appointment, and he started working in the position. ID at 8. Accordingly, the administrative judge concluded that the appellant was not required to make a deposit to secure coverage of his post-1956 military service and that OPM's contrary determination was in error. ID at 10. She ordered OPM to recalculate the appellant's annuity from the beginning of his federal service, September 30, 1982, including as proper his post-1956 military service, without requiring him to make a deposit. ID at 11. OPM has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the appellant has responded in opposition, *id.*, Tab 3.

ANALYSIS

¶6      OPM argues that the administrative judge exceeded her authority in reviewing the appellant's supplemental records and erred in relying on his testimony. *Id.*, Tab 1 at 12-13. In reaching her decision that she could review the accuracy and completeness of the appellant's Individual Retirement Record (IRR), the administrative judge relied on the Board's recent decision in *Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶¶ 5-6 (2014), ID at 10, wherein the Board in turn relied on *Lisanti v. Office of Personnel Management*, 573 F.3d 1334 (Fed. Cir. 2009). In *Lisanti*, the court acknowledged several Board decisions and two of its own nonprecedential decisions holding that an employing agency's certified IRR is binding on, and not subject to review by, OPM or the Board. *Id.* at 1339-40. The court found, however, that none of its precedential decisions supported that notion and that, if an employee challenges a determination of the employing agency as reflected on his IRR, OPM, and subsequently the Board, must entertain that claim. *Id.* at 1340. The Board in *Conner* relied on that precedent, holding that the administrative judge properly considered evidence challenging the accuracy and completeness of the retired employee's IRR.[1] *Conner*, 120 M.S.P.R. 670, ¶¶ 5-6.

¶7      Although OPM requests that we reconsider our decision in *Conner*, PFR File, Tab 1 at 13, we decline to do so as we are bound by U.S. Court of Appeals for the Federal Circuit precedent. *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶ 12 (2009) (decisions of the Federal Circuit are controlling authority for the Board). We are not persuaded that the administrative judge exceeded her authority in looking to what the agency describes as "supplemental documents" and the appellant's testimony in determining the date of his

---

[1] The Board in *Conner* overruled a number of specific Board cases and any others which, to the extent that they held that such consideration was not authorized, were inconsistent with *Lisanti*. *Conner*, 120 M.S.P.R. 670, ¶¶ 6-7.

appointment. PFR File, Tab 1 at 11-13. In so doing, the administrative judge simply followed the Board's direction in *Conner*, as based on the court's direction in *Lisanti*, to consider evidence that challenged the accuracy and completeness of the appellant's IRR. She considered documents in the record that were executed on September 30, 1982, specifically the Standard Form 2817, the appellant's life insurance coverage, his designation of beneficiary, his health benefits form, and his appointment affidavit, all signed and authorized on that date. ID at 6-7; IAF, Tab 4 at 10, 18, 26-27. The administrative judge also considered the appellant's hearing testimony that, after completing the paperwork concerning his appointment on September 30, 1982, he was directed, and did report directly, to his new position where he was trained by the incumbent he was replacing who was leaving the position early. Hearing Compact Disc; IAF, Tab 8 at 2; ID at 2-3, 6-7. Applying the *Hillen* factors,[2] the administrative judge found the appellant's testimony not only consistent with the above-cited documents, but also forthright and nonevasive. ID at 7-8. The administrative judge acknowledged other documents in the record that were contrary to the appellant's version of events, namely, the Standard Form 50, which shows an effective date of October 3, 1982, for the appellant's conversion to his excepted appointment and the beginning of his trial period, IAF, Tab 4 at 38, and the IRR which is in accord, *id.* at 54; ID at 7. The administrative judge concluded, however, that the

---

[2] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

appellant's testimony and the documents which supported his claim outweighed the entries in the IRR such that they are not worthy of credence. ID at 10.

¶8        Although OPM disputes the administrative judge's authority to review the accuracy and completeness of the IRR, our reviewing court has clearly stated that the Board has such authority. *Lisanti*, 573 F.3d at 1340; *see Conner*, 120 M.S.P.R. 670, ¶¶ 5-6. And while OPM disputes the administrative judge's consideration of the record evidence in resolving the dispositive issue in this case, we discern no reason to disturb her findings in that she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *see Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so). We therefore affirm the administrative judge's finding that the appellant's appointment commenced on September 30, 1982, and that, as a result, he was not required to make a deposit to secure inclusion of his post-1956 military service in the computation of his annuity.

## ORDER

¶9        We ORDER OPM to recompute the appellant's annuity from September 30, 1982, including as proper his post-1956 military service without requiring him to make a deposit. OPM must complete this action no later than 20 days after the date of this decision.

¶10        We further ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶11        No later than 30 days after OPM tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that

OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

¶12 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS

You may be entitled to be paid by OPM for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4). The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held

that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.